IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommy Lee Brownen,<br><br>           Plaintiff,<br><br>v.<br><br>Unknown Giovani,<br><br>           Defendant. | No. CV 14-00590 PHX SPL (MEA)<br><br>**REPORT AND RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO SERVE DEFENDANT** |

      On March 20, 2014, Plaintiff filed a prisoner civil rights complaint, a motion seeking a temporary restraining order, and a motion for leave to proceed in this matter *in forma pauperis*. In the complaint Plaintiff alleged Defendant was deliberately indifferent to Plaintiff's serious medical needs with regard to prescription pain medication. In an order (Doc. 6) entered April 22, 2014, the Court granted Plaintiff's motion to proceed in this matter *in forma pauperis*, denied his motion for a temporary restraining order, and ordered Plaintiff to return a service packet for Defendant to the Court on or before May 12, 2014.

      The service order at Doc. 6 states:

> If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

The service order further states:

> Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.
> (6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

The Court's service order of April 22, 2014, required Plaintiff to effect service of process on Defendant on or before July 18, 2014. In an order to show cause (Doc. 8) entered June 30, 2014, Plaintiff was warned that his failure to acquire a waiver of service from Defendant or to complete service of process by July 18, 2014, would result in the dismissal of claims or defendants pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of Civil Procedure. The Court noted that Plaintiff had failed to return a service packet to the Court and allowed Plaintiff until July 18, 2014, to show cause for his failure to return a service packet to the Court in compliance with the Court's order of April 22, 2014.

On July 15, 2014, Plaintiff docketed another application for leave to proceed in this matter *in forma pauperis*. See Doc. 10. The application was denied as moot because Plaintiff was previously granted permission to proceed *in forma pauperis*. On July 21, 2014, the Court again ordered Plaintiff to show cause, by August 8, 2014, for his failure to return a service packet to the Court and why the matter should not be dismissed for the failure to serve Defendant. Plaintiff did not respond to the order to show cause at Doc. 12.

The Federal Rules of Civil Procedure provide that the plaintiff in a civil action is to effect service of a summons and the complaint upon the defendant(s) within 120 days after filing the complaint with the court. Fed. R. Civ. P. 4(m). Additionally, Rule 4(m),

Federal Rules of Civil Procedure provides that:

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Dismissal of a civil action for failure to serve is a matter within the Court's discretion. See, e.g., Puett v. Blandford, 912 F.2d 270, 273 (9th Cir.1990). In cases involving plaintiffs proceeding *in forma pauperis*, the United States Marshal, upon order of the Court, is authorized to serve the summons and the complaint. See 28 U.S.C. § 1915(c); Boudette v. Barnett, 923 F.2d 754, 757 (9th Cir. 1991).

> [A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties....

Puett, 912 F.2d at 275. So long as the prisoner has furnished the information necessary to identify the defendant, the Marshal's failure to effect service "is automatically good cause within the meaning of Rule 4(j)." Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990) (internal quotations omitted).

However, it remains Plaintiff's responsibility to provide the United States Marshal with accurate and sufficient information to effect service. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995). And the Court is not required to act as an investigative body in ascertaining a correct address for Defendant. See Fed. R. Civ. P. 4(c)(2); Walker, 14 F.3d at 1422; Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 2006) (holding the court is responsible for assisting indigent plaintiffs with service of process). The District Court judges of the United States District Court for the District of Arizona have concluded that "neither the [USMS] nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate."

E.g. DeRoche v. Funkhouser, 2008 WL 42277659, at *1 (D. Ariz.), citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that the Court should not assume the role of advocate for a pro se litigant).  See also Pember v. Ryan, 2014 W L 3397735, at *2-*3 (D. Ariz.); Ramirez v. Denver Health Medical Center, 2006 WL 2527965, at *3 (D. Colo. Aug. 30, 2006).   The United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004) As an impartial decision maker, it is not a federal judge's role or responsibility to track down a defendant's address so a plaintiff may serve process. This degree of involvement "would undermine [trial] judges' role as impartial decision makers." Id.

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's complaint and this action be dismissed without prejudice for the failure to return a service packet to the Court and for the failure to serve the only defendant in this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to

appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

/

Dated this 18th day of September, 2014.

_____
Mark E. Aspey
United States Magistrate Judge